GEORGE WILSON v. WILDERNESS POULTRY FARM.

Submitted December 7, 1911—Decided March 11, 1912.

Where plaintiff was hired for one year to take charge of a poultry farm and as part compensation for his services was to have the use of a garden and house belonging to defendant, from which the defendant thereafter unlawfully ejected him—*Held*, in a suit for damages for the illegal ejection, that it was immaterial whether or not the contract of hiring was in writing as the suit was in tort, and that damages to plaintiff's furniture and the value of the garden product which plaintiff failed to receive by reason of the ejectment was properly considered by the jury under the facts in the case as an element of damages.

On appeal from Atlantic City District Court.

Before Justices TRENCHARD, MINTURN and KALISCH.

For the plaintiff, *Garrison & Voorhees.*

For the defendant, *Bourgeois & Coulomb.*

The opinion of the court was delivered by

MINTURN, J.   The plaintiff was hired by defendant for one year to take charge of a poultry farm near Egg Harbor, his services to begin on December 15th, 1909. The agreement, although intended to be, was not reduced to writing. The plaintiff's compensation for his services was to include the use of a house and garden belonging to defendant. About May 31st, 1910, the defendant discharged the plaintiff upon the ground, as he alleged in his notice, that he had not properly performed his duties, and gave him one week's notice to vacate the house and garden. Upon the failure of the plaintiff to remove from the premises the defendant sent a constable to the place who removed the plaintiff's furniture from the house.

This suit was thereafter instituted to recover damages to the furniture, and damages also for refusing to allow the plaintiff to return at harvest time to remove the crops from the garden. The jury found a verdict for the plaintiff for the sum of $80.

The gravamen of the action, as alleged in the state of demand, was the illegal discharge of the plaintiff, and his consequent illegal removal from the premises, and his exclusion from the garden. The trial court submitted these questions specifically to the jury. Their verdict settles the controversy as a question of fact, and we must conclude, therefore, that the plaintiff was illegally discharged.

The court left it to the jury to determine the damage, if any, which the plaintiff suffered to his furniture, and also the damages sustained by reason of the loss of the garden crop. There was evidence in the case bearing upon both of these allegations, and its weight and truth were for the jury.

The legal objections now urged against the verdict are that the contract of hiring contravened the statute of frauds, in that it was an agreement to perform services continuing longer than one year and not in writing. *Gen. Stat.* 1603.

If it be assumed that the contract of hiring was by its terms within the provisions of the statute as a contract not to be performed within a year, still, the jury having found the fact to be that the plaintiff was wrongfully discharged, the defendant cannot avoid his legal responsibility for services actually performed by availing himself of the provisions of a statute primarily intended to prevent fraud. *Updike* v. *TenBroeck,* 3 *Vroom* 105.

There is no merit in the contention even if the objection had been urged at the trial, and we find no evidence of that fact in the record that the suit should have been in contract and not in tort. The gravamen of the suit, as we have said, was the unlawful act of the defendant *vi et armis,* dispossessing the plaintiff. If this act was illegally performed, and the jury have found that to be the fact, it results that it was a trespass upon the plaintiff's rights, and the action therefore was properly styled in tort.

Nor is there merit in the contention that the plaintiff forfeited his right to the garden product by his discharge. Had his discharge been lawful, this contention would find support in the authorities, but, in view of the finding of the jury that the discharge was without cause and therefore wrongful, the case cited by the defendant of *McQuade* v. *Emmons,* 9 *Vroom* 397, has no application. The product of the garden was, under the agreement between the parties, to be part of the plaintiff's compensation, and stood as *quid pro quo* for actual pecuniary compensation. There was evidence of its value before the jury and their verdict we must assume was in part at least based upon a consideration of that testimony.

The judgment will be affirmed.